# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY ROBERTS,<br><br>Defendant. | Case No. CR11-0030<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of January, 2016, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, Melanie S. Keiper.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 9, 2011, Defendant Gregory Roberts was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. At the arraignment on January 25, 2016, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 28, 2016.

Tracy Weems, a high risk officer with Iowa State Probation, testified regarding the circumstances underlying the instant charge.[1] On October 25, 2010, officers from the Cedar Rapids Police Department responded to a call of shots fired. Upon arriving at the scene, officers found 10-15 persons on the front porch of a duplex. A loaded Smith & Wesson .40 caliber pistol was found in Defendant's coat pocket. After being *Mirandized.* Defendant admitted that his wife (Margie Northern) gave the weapon to him.

---

[1] At the time of these events in 2010, Weems was assigned to the FBI safe streets task force.

Defendant, age 36, was born in Gary, Indiana. He moved to Iowa City at about age 16. He lived in the Iowa City/Cedar Rapids area for about ten years, and then moved to Indianapolis, Indiana, where he lived for about seven years. In 2013, Defendant returned to the Cedar Rapids area.

Defendant has been married to Margie Northern-Roberts since 2011. His wife told the pretrial services officer, however, that while she and the Defendant are not formally separated, they have been having "marital problems" in the recent past and are not currently living together. Immediately prior to his arrest, Defendant was living with his wife's niece (Tiajuana Northern) in Hiawatha. Tiajuana Northern told the pretrial services officer Defendant could live with her, but also disclosed that she is on probation after having received a deferred judgment for felony forgery. Defendant's sister (Victoria Wilson) said Defendant could live with her and her husband (Darrell Golden) and their two minor children. The records reflect, however, that Darrell Golden has been convicted for child endangerment, OWI, harassment-second degree, and assault causing bodily injury.

Defendant has been unemployed since September 2015. Prior to that, he worked for several years on an "as-needed basis" for a friend doing drywall installation. Defendant takes medication for lower back pain, fluid retention in his knees, and asthma. He has no history of mental illness.

Defendant admitted consuming alcohol heavily on a regular basis in the 1990s and early 2000s, but denied he had done so in the past ten years. Defendant told the pretrial services officer he has used marijuana about twice per year since the late 1990s, with his last use occurring about one week prior to his arrest in the instant action.

Defendant has a significant prior criminal record, beginning at age 18 when he was convicted of two counts of assault causing bodily injury. While on probation for those two charges, Defendant was arrested eight more times. His new convictions included intent to cause pain or injury, disorderly conduct, trespass, noise ordinance violation, operating

while intoxicated, assault causing bodily injury, possession of alcohol under age, trespass, and OWI-second offense. During that stretch, Defendant failed to appear for court proceedings on three occasions.

In 2001, while on probation for OWI-second offense, Defendant was charged and convicted with OWI-third offense. He received a suspended prison term and was placed on probation.

In 2009, Defendant was convicted of battery in Marion County, Indiana. In 2010, he was convicted in Linn County, Iowa, with public intoxication.

The indictment in this case was returned on February 9, 2011, and a warrant was issued for his arrest at that time. Defendant was not located and arrested, however, until nearly five years later. In September 2015, while the arrest warrant was outstanding, Cedar Rapids police officers responded to a report of shots fired at an apartment complex where Defendant's wife was living. At that time, officers interviewed "David Henry." When the United States Marshals Service started looking for Defendant in December 2015, however, it was discovered through interviews with neighbors and the responding officer that "David Henry" was, in fact, Defendant Gregory Roberts.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Defendant does not have a stable residence, nor does he have stable employment. He is an active user of marijuana. While most of his criminal convictions occurred some time ago, he demonstrated a consistent pattern of failing to comply with the terms of supervision, including committing additional crimes while on release. Defendant failed to appear for three court proceedings. In this case, a warrant has been outstanding for Defendant's arrest for nearly five years. Of particular significance is the fact that when questioned by officers in September 2015, Defendant misidentified himself. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 25, 2016) to the Court's ruling (January 27, 2016) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 28th day of January, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA